# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 29, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-10685-CC
Case Style: USA v. Derek Jones
District Court Docket No: 4:13-cr-00034-RH-CAS-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10685
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-00034-RH-CAS-1

UNITED STATES OF AMERICA,

                                                                  Plaintiff-Appellee,

versus

DEREK TYRONE JONES,
a.k.a. Ice,
a.k.a. Debo,

                                                                  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(October 29, 2014)

Before ED CARNES, Chief Judge, and HULL and MARCUS, Circuit Judges.

PER CURIAM:

      Derek Jones appeals his conviction, after pleading guilty, for conspiracy to

distribute cocaine. Jones contends that the district court plainly erred by failing to inform him that he could challenge the validity of prior felony drug convictions underlying his mandatory sentence of life imprisonment.

I.

In March 2013 Jones was indicted on one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. The government filed an information and an enhancement notice informing Jones that, based on his four prior felony drug convictions, he faced a mandatory sentence of life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A). Those four convictions are: a 1996 conviction for possession of cocaine with intent to sell, a 1999 conviction for possession of crack cocaine, a 1999 conviction for delivery of cocaine to a minor, and a 2004 conviction for possession of cocaine with intent to sell, manufacture, and deliver. Jones did not file a written objection to the government's information or enhancement notice. He did, however, sign a plea agreement admitting his guilt to the sole count in the indictment and acknowledging that "due to prior drug felony convictions," he faced a mandatory sentence of life imprisonment.

At the change of plea hearing the district court reiterated that "[t]he mandatory sentence in the case is life in prison." The only possible exception, the court explained, would be if the government filed a substantial assistance motion

and the court granted it.[1]  Jones went ahead with his guilty plea and the government never filed a substantial assistance motion.

At sentencing the district court asked whether there were any objections to the presentence investigation report's conclusion that Jones faced a mandatory sentence of life imprisonment.  Jones' attorney answered no.  The court then directly addressed Jones:

> If you claim that for any reason those convictions were not valid, or that there is any reason why I cannot properly consider those convictions today in determining the sentence in this new federal case, you need to tell me about that right now.  Any basis for challenging the validity of those [convictions] that you don't tell me about at this time will not be something you can assert later as a basis for challenging this sentence.  So the deadline for telling me of any problem with those prior convictions is now.  And I need to ask you [more] about those prior convictions.

The court detailed each of the four felony drug convictions and asked Jones whether he was in fact convicted of those charges on those dates (Jones answered yes) and whether he had any basis for challenging the validity of the convictions (Jones answered no).[2]  Finally, the court imposed the

---

[1] The "safety valve" exception was precluded by Jones' admission that he had a 2004 conviction for possessing cocaine with intent to sell.

[2] The government's information contained multiple typographic errors related to the dates of Jones' prior convictions.  Those errors were corrected in the presentence investigation report.  At Jones' sentence hearing, Jones' attorney objected to the typographic errors in the information.  The district court found that the errors were harmless and referred to the correct dates when questioning Jones about his prior convictions.  Jones does not assert on appeal that the typographic errors harmed him in any way.  He also does not assert that he could mount a

3

mandatory sentence of life in prison.

This is Jones' appeal.

II.

Jones contends that the district court denied him due process and failed to address a core concern of Federal Rule of Criminal Procedure 11 when it did not inform him — specifically, at his change of plea hearing — that he could challenge the validity of prior felony drug convictions underlying his mandatory sentence of life imprisonment.

Constitutional objections and alleged violations of Rule 11 that were not raised before the district court are reviewed only for plain error.  See United States v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005).  To demonstrate plain error, the defendant must show there is "(1) error, (2) that is plain, and (3) that affects substantial rights.  If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (citations and internal quotation marks omitted).

"A guilty plea involves the waiver of a number of a defendant's

---

successful challenge to the validity of any of the convictions.  He argues only that he should have been informed, at the change of plea hearing, of his right to undertake such a challenge.

4

constitutional rights, and must therefore be made knowingly and voluntarily to satisfy the requirements of due process." Moriarty, 429 F.3d at 1019.  To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns:  "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."  Id.; see United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005)

Jones' contention that the district court plainly erred by failing to inform him of his right to challenge his prior convictions at his change of plea hearing is meritless.  The court's only obligations in this regard were to (1) "inquire of [Jones] whether he affirms or denies that he has been previously convicted as alleged in the information," and (2) "inform [Jones] that any challenge to a prior conviction which is not made before sentencing is imposed may not thereafter be raised to attack the sentence."  See 12 U.S.C. § 851(b).  The statute further instructs the court to fulfill those obligations "after conviction but before pronouncement of sentence."  See id.  The record reflects that the district court did exactly what § 851(b) told it to do within the time period it was required to do it.

In fact the court's fidelity to § 851(b) was — at least in this instance — above and beyond the call of duty.  That is so because Jones' prior felony drug convictions were more than five years old, meaning that any challenge to their

5

validity would have been barred by § 851(e).  See 21 U.S.C. § 851(e) (providing that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction . . . which occurred more than five years before the date of the information"); see also United States v. James, 642 F.3d 1333, 1340 (11th Cir. 2011) (holding that where a defendant's challenge would be barred by § 851(e), the district court need not fulfill its obligations under § 851(b)).

**AFFIRMED**.