IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:        4:13cr34/RH/CAS
                                                   4:16cv51/RH/CAS

DEREK TYRONE JONES,
      Defendant.

_____

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the court upon Defendant's Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and

Memorandum of Law in support thereof.   (ECF No. 63, 66).   The

Government has filed a response (ECF No. 83) and Defendant filed a reply.

(ECF No. 87).   The case was referred to the undersigned for the issuance

of all preliminary orders and any recommendations to the district court

regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; see also 28

U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a careful review of the

record and the arguments presented, it is the opinion of the undersigned

that Defendant has not raised any issue requiring an evidentiary hearing

and that the § 2255 motion should be denied.   See Rules Governing

Section 2255 Cases 8(a) and (b).

## BACKGROUND

Defendant Derek Tyrone Jones was charged in a single count indictment with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine.   (ECF No. 1).   Jones retained R. Timothy Jansen, Esq. to represent him, and he was ordered detained pending trial. (ECF Nos. 9, 11).

On April 18, 2013, the Government filed an information and notice of prior convictions indicating its intent to seek enhanced penalties based on multiple prior felony drug offenses.   (ECF No. 17).

The case was set for trial, and Jones filed a total of five motions for continuance[1] before entering a guilty plea on November 26, 2013. (*See* ECF Nos. 38, 39, 40, 55).

---

[1]  Four of the motions were granted and one was denied. (*See* ECF Nos. 18, 23, 26, 29, 31).   In the last motion, counsel noted that the United States Attorney General had recently adopted a public policy of reviewing and limiting the circumstances in which sentencing enhancements will be filed in certain cases, such as Mr. Jones' case. Jones had never been to prison, but his prior state convictions would qualify him for a mandatory life term under the enhancement filed by the Government.   Counsel indicated that he was seeking review by the Offices of the Attorney General and the United States Attorney for this district to determine whether the Government would modify or withdraw the previously filed enhancement.   (ECF No. 31).

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

At the plea proceeding, the court advised Jones that it was important that he answer all questions posed to him truthfully and completely because if he did not, he could be subject to a separate prosecution for perjury.   (ECF No. 55 at 2).   Jones, who told the court he had completed his third year in college, indicated that he understood.   (ECF No. 55 at 3). The court explained the rights Jones would be giving up by entering a plea of guilty, including any defenses he had, and Jones again indicated his understanding.   (ECF No. 55 at 5-6).    The court asked Jones about the statement of facts he had signed, and he said that it was all true, specifically acknowledging that he had obtained more than five kilograms of cocaine during the conspiracy.   (ECF No. 55 at 7; ECF No. 38).

With respect to sentencing, the court advised Jones that the only exception to the imposition of a life sentence would be if he cooperated with the Government and the Government decided that the information he provided rose to the level of substantial assistance in the investigation or prosecution of others.   (ECF No. 55 at 9).   In such event, if the Government filed a substantial assistance motion, the court explained that it would no longer be required to sentence him to life in prison, although it could.   (*Id.* at 10).   The court warned Jones that the decision to file such a

motion was up to the Government, and that if the Government did not file a substantial assistance motion, his sentence would be life in prison, and he would not be able to take back his guilty plea.   (ECF No. 55 at 10-11). Jones again stated that he understood.   Jones denied that he had been promised either a substantial assistance motion, or that he would receive a specific sentence.   (ECF No. 55 at 11-12).   Jones admitted that he had had some discussions about sentencing with representatives of the Government during multiple proffers.   The court adamantly stated that no matter what anyone from the Government had told Jones, nothing they said was binding upon the court, and even the court itself could not predict at that time what his sentence would be if he received a substantial assistance motion.   (ECF No. 55 at 13-14).

The court confirmed that Jones had read and understood every line and word in the plea agreement and supplement. (ECF No. 55 at 12-13). Jones agreed that his plea agreement contained the entire agreement with the Government, and he denied that anyone had threatened, pressured or forced him to plead guilty.   (ECF No. 55 at 13, 15).

Jones responded in the affirmative when the court asked whether he had had as much time as he wanted to talk about his case with counsel,

whether counsel had answered all his questions, and whether he was satisfied with the way counsel had represented him and he denied having any complaints at all.   (ECF No. 55 at 15).

Counsel for the defense and the Government assured the court that the plea was freely and voluntarily made and that there were no agreements or understandings with the Government other than as set out in the plea agreement and supplement.   (ECF No. 55 at 15-16).

The court accepted Jones' plea, finding that it was entered knowingly, voluntarily and intelligently.   (ECF No. 55 at 16).   It then explained the process of the preparation of the Presentence Investigation Report and Defendant's responsibility to review it.   (ECF No. 55 at 16-17).   The court specifically advised Jones that he should read the report very carefully, and if he found that the report was not correct, or there were any omissions, he should let his attorney know so counsel could object.   (ECF No. 55 at 17).

The Presentence Investigation Report ("PSR") assessed a base offense level of 32, based on seven kilograms of cocaine.   (ECF No. 43, PSR ¶ 21).   After a three-level adjustment for acceptance of responsibility, Jones' total offense level was 29.   (ECF No. 43, PSR ¶¶ 28-30).   Jones had a single scorable prior conviction for possession of cocaine with intent

to sell or deliver, for which he served six months in custody. (ECF No. 43,

PSR ¶ 46).   He also had prior convictions for possession of cocaine with

intent to sell (PSR ¶ 37), possession of crack cocaine (PSR ¶ 43), and

delivery of cocaine to a minor (PSR ¶ 44) which were not scored because

they were over ten years old.   U.S.S.G. § 4A1.2(e)(3).   Therefore, his

criminal history category was II.   (ECF No. 43, PSR ¶¶ 46, 48).   The

applicable guidelines range would have been 97 to 121 months, but for the

statutory mandatory term of life imprisonment.   (ECF No. 43, PSR ¶¶ 72,

73).   Appended to the PSR were multiple letters from Jones and family

members.   (ECF No. 43-2 at 1-12).

     At sentencing, the court noted that there were no objections to the

PSR's conclusion that the governing statutes directed a sentence of life in

prison.   (ECF No. 56 at 2).   The court then advised Jones that if he

claimed for any reason that the prior convictions identified in the PSR were

not valid or should not be considered, it was imperative that he bring the

issue to the court's attention at that time.   It warned him that he could not

later assert the invalidity of those sentences as a basis for challenging his

sentence in this case.   The court then specifically asked Jones about the

convictions listed in paragraphs 37 (possession of cocaine with intent to

sell), 43 (possession of cocaine), 44 (delivery of cocaine to a minor) and 46

(possession of cocaine with intent to sell or deliver) of the PSR, and he

individually affirmed that he had been convicted of these offenses.   (ECF

No. 56 at 4-8).

Counsel addressed the court and noted that Jones had entered the

plea agreement with the understanding that there would possibly be a 5K1

motion, which would have allowed the court to sentence him other than to

the mandatory life term.   (ECF No. 56 at 8-9).   Counsel explained that it

seemed that the parties were "working toward that path" until two weeks

before sentencing, when an individual who was interviewed by the DEA

gave information which materially and significantly contradicted some of

Jones' statements.   The Government had committed to continue to look

into the matter to ascertain whether the new information was truthful, but

absent the 5K1, the defense recognized the court had no option other than

to impose a life sentence.   (ECF No. 56 at 9).   Jones made a brief

statement to the court, following which the court told Jones that he still had

the option to continue to cooperate and benefit from a substantial

assistance motion once the Government ascertained the truth of the new

information.   (ECF No. 56 at 10-12).   Defense counsel stated, without

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

explaining the substance of the new information, that if the allegations or information obtained by the Government was accurate, its position with respect to the substantial assistance motion was well-taken.   (ECF No. 56 at 12).

The Government provided the court with a chronology of Jones' contact with law enforcement leading up to the instant prosecution.   (ECF No. 56 at 12-17).   It relayed that after Jones had assured law enforcement that he had told them everything about who he dealt with, law enforcement arrested a man named Dexter Weston, whom Jones had never mentioned during his debriefings.   Nearly 2 kilograms of cocaine and $125,000 was discovered in Weston's vehicle.   Weston immediately told law enforcement that money and cocaine belonged to Jones, and that, before Jones was indicted, Jones had contacted Weston to ask that he hold Jones' drugs and money after law enforcement had visited Jones' home.   The two men, according to Weston, had a standing agreement to hold the other's drugs and money if he was incarcerated.   The Government represented that Weston knew information about law enforcement's visit to Jones that only could have come from Jones himself, and it had no reason to disbelieve Weston's proffer.   It further stated that during three separate debriefings,

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

Jones had never mentioned Weston, even one time.   The Government's concern that Jones had not been candid was the reason it did not file the 5K1 motion.   The court again noted that if something changed, the Government could still file a Rule 35.

Defense counsel stated that he had discussed the situation with his client and asked Jones to provide anything he could to help to undermine Weston's testimony.   (ECF No. 56 at 18).   Counsel offered nothing to the court.

The court then sentenced Jones to the statutory mandatory term of life imprisonment.

Jones appealed, contending that the district court plainly erred by failing to inform him that he could challenge the validity of the prior felony drug convictions.   (ECF No. 61).   The Eleventh Circuit found that "the court's fidelity to § 851(b) was . . . above and beyond the call of duty" because any challenge to the validity of the convictions would have been barred by § 851(e) due to their age.   (ECF No. 61 at 6-7).

Jones timely filed the instant motion to vacate, claiming that counsel was constitutionally ineffective pre-trial, at sentencing, and on appeal for multiple reasons.   The Government opposes the motion.

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing."   *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014).   Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the

alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.   *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).   Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered

procedurally barred.    *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).    An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."    *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055).    Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."    *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).    To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."    *Lynn*, 365 F.3d at 1235.    A meritorious claim of ineffective assistance of counsel can constitute cause.    *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.    *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016).    To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States,* 708 F.3d 1225, 1228 (11th Cir. 2013).    *Strickland*'s two-part test also applies to guilty pleas.    *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).    A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.    *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).    A defendant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish" prejudice.    *Pericles v. United States*, 567 F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir.

2015).   A defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."   *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to

error-free representation").   Counsel's performance must be evaluated

with a high degree of deference and without the distorting effects of

hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance

was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take."   *Gordon v. United

States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.   The fact that a particular course of action or defense

ultimately proved to be unsuccessful does not demonstrate ineffectiveness.

*Chandler*, 218 F.3d at 1314.   When reviewing the performance of an

experienced trial counsel, the presumption that counsel's conduct was

reasonable is even stronger, because "[e]xperience is due some respect."

*Chandler*, 218 F.3d at 1316 n.18.

　　　To establish prejudice, defendant must show that, but for counsel's

deficient performance, the outcome of the proceeding would have been

different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result

must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.    *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).    Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.    *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992).    Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim.    *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)).    This is true regardless of whether the issue is a trial or sentencing issue.    *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel);    *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*,

306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the

standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.   A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.


Ground One: Ineffective assistance of counsel, pre-trial

        Jones' first claim for relief, that counsel was ineffective prior to "trial,"

or in this case his plea, identifies four specific alleged errors, some with

additional subparts.   Each of the claims is either contradicted by the record

or procedurally barred.

        Jones first asserts that counsel did not communicate with him

regarding the likely consequences of pleading guilty as opposed to

proceeding to trial.   Within this claim about counsel's alleged failure to

communicate, Jones contends that he met with counsel only three times

prior to pleading guilty and that his calls to counsel were not returned. (ECF

No. 66 at 18).   Even assuming that Jones' assertions are correct, the

sentence he faced upon conviction was clearly explained to him by the

court during the plea proceeding.    Furthermore, Jones assured the court, under oath, that he understood the plea agreement, that counsel had answered all his questions and that he was satisfied with counsel's performance.    These sworn statements carry a "strong presumption of verity" and are considered conclusive absent compelling evidence showing otherwise; the subsequent presentation of conclusory and contradictory allegations does not suffice.    *Blackledge v. Allison,* 431 U.S. 63, 73–74 (1977); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).    In fact, such conclusory and contradictory allegations are subject to summary dismissal.    *Winthrop-Redin*, 767 F.3d at 1216 (citing *Blackledge*, 431 U.S. at 74).    A defendant "bears a heavy burden to show his statements [under oath] were false."    *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Green*, 275 F. App'x 941 (11th Cir. 2008); *United States v. Cardenas*, 230 F. App'x. 933 (11th Cir. 2007).    "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."    *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)).    The court is not

persuaded by his assertion in his reply that he followed the advice of his lawyer to simply "agree with the judge during the plea colloquy and not make any waves." (ECF No. 85 at 3).   Jones has not carried his burden and he is not entitled to relief.

Jones now also claims that he "does not recall" counsel ever reviewing, discussing or explaining the PSR to him.   (ECF No. 66 at 19). His lack of recollection may be genuine, but the record reflects that he told the court at sentencing that he had reviewed the PSR with counsel.   (ECF No. 56 at 2).

Jones' next complaint, that counsel failed to file objections to the PSR offers no basis for relief, as he identifies no viable objections that counsel could have made.

Finally, Jones makes the conclusory assertion that there is a reasonable probability that he would have proceeded to trial had he been properly advised that he would receive a life sentence upon pleading guilty. The sentence he faced was clearly stated in the written plea agreement and explained by the district court at rearraignment.   The district court also clearly explained to Jones at the time he entered his plea that, because of his prior convictions, his only chance to avoid the statutory mandatory life

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

sentence was to cooperate with the Government in hopes that it would file

a substantial assistance motion in his behalf either before or after

sentencing.   This substantial assistance motion, although neither promised

nor guaranteed, was the proverbial "carrot" that served as the enticement

for Jones to plead guilty, a "carrot" that would not have been available had

he proceeded to trial.   The Government explained at sentencing that it had

a good faith belief that Jones had not been completely candid in his

disclosures, as required by the plea agreement.   Jones' disappointment

that he did not receive a substantial assistance motion does not establish a

constitutional violation when the lack of such a motion was directly of his

own doing.   His own actions do not render counsel's performance

constitutionally deficient.

Jones' next two assertions are that counsel failed to conduct an

adequate and independent pretrial investigation and failed to file

substantive pre-trial motions.   Jones waived these claims by entering his

guilty plea, at which time he also told the court he was satisfied with

counsel's representation of him.[2]   "A guilty plea, since it admits all the

---

[2] The Government also refutes Jones' claims on the merits.   (ECF No. 83 at 10-12).

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

elements of a formal criminal charge, waives all non-jurisdictional defects in

the proceedings against a defendant."   *United States v. Brown*, 752 F.3d

1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d

1121, 1124 (11th Cir. 1986) (quoting *United States v. Jackson*, 659 F.2d 73,

74 (5th Cir. 1981)).   This waiver includes constitutional claims, including

ineffective assistance of counsel claims relating to pre-plea issues,

although an attack on the voluntary and knowing nature of the plea can be

sustained.   *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (individual who

pleads guilty may "attack the voluntary and intelligent character of the guilty

plea"). If a prisoner pleads guilty on the advice of counsel, in order to be

entitled to collateral relief, "he must demonstrate that the advice was not

'within the range of competence demanded of attorneys in criminal cases.'

" *Tollett*, 411 U.S. at 267 (quoting *McMann v. Richardson*, 397 U.S. 759,

771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970));   *United States v. Glinsey*, 209

F.2d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives ... claims of

ineffective assistance of counsel except insofar as the ineffectiveness is

alleged to have rendered the guilty plea involuntary.");   *Wilson v. United

States*, 962 F.2d 996, 997 (11th Cir. 1992) (by pleading guilty, defendant

waived ineffective assistance of counsel claims as it involved preplea issues).

Lastly, Jones asserts that counsel was ineffective because he did not try to negotiate a "reasonable" plea agreement with the Government without the § 851 enhancement.   As noted above, one of the defense motions for a continuance was based on counsel seeking review by the Offices of the Attorney General and the United States Attorney for this district to determine whether the Government would be willing to modify or withdraw the previously filed enhancement.   (ECF No. 31).   The fact that counsel's efforts were unsuccessful does not render his performance constitutionally inadequate.

Ground Two: Ineffective assistance of counsel at sentencing

Jones raises four claims relating to counsel's performance at sentencing.   Each of these claims is without merit.

First, he contends that counsel did not review, explain and discuss the PSR with him prior to sentencing or file objections in mitigation of punishment.   As noted above, Jones told the court at sentencing that he and counsel had reviewed the PSR.   Because Jones faced a statutory

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

mandatory sentence and the Government had not filed a substantial assistance motion, any "objections in mitigation" of punishment would have had no impact on his sentence.

Jones asserts that counsel should have challenged his prior convictions.   When the court offered Jones the opportunity to contest his convictions at sentencing, he affirmed their validity.   He does not now suggest any viable objections to the convictions.   Counsel did challenge typographical errors in the notice of enhancement, which the court found harmless.   In any event the Eleventh Circuit noted on appeal that 21 U.S.C. § 851(e) prohibits challenges to convictions that are over five years old, which Jones himself admits in his memorandum.   (ECF No. 66 at 28).

Finally, Jones asserts that counsel should have objected to his life sentence being substantively unreasonable, and that counsel's failure to do so deprived him of "effective assistance of sentencing counsel and a fair and just sentence."   Again, the court imposed the only sentence that it could—the statutory mandatory sentence—and no objection by counsel could have changed the outcome of the proceedings.

Ground Three: Ineffective assistance of appellate counsel

Jones also raises several alleged constitutional deficiencies in the performance of appellate counsel, Charles Lee Truncale, Esq.   He complains that counsel did not communicate with him regarding the direct appeal and the issues to be raised, did not permit him to participate in the appeal and did not raise "stronger" issues.   Jones indicates that counsel should have challenged the advice that Jansen gave Jones to convince him to plead guilty and the Government's "promise" to file the substantial assistance motion.   Jones' assertion that such a promise existed, or even that he thought such a promise existed, is belied by the transcript of the rearraignment.

Jones' last assertion is that Truncale should have argued on appeal that the 21 U.S.C. § 851 enhancement was improper in light of an August 12, 2013, memorandum released by former U.S. Attorney General Eric Holder outlining factors to be considered by prosecutors in determining whether an § 851 enhancement should be filed in a particular case. According to the memorandum, an enhancement should be filed only if the case is appropriate for severe sanctions and certain enumerated criteria are met.   Jones notes that although the memorandum was not released

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

until after he was sentenced, it was released before the due date of the

appellate brief, and would have formed the basis for a strong appellate

argument.   The Government responds that considering Jones' criminal

history, the decision to file the § 851 enhancement was consistent with

Department of Justice policy, which requires that a defendant not have a

"significant criminal history" for the enhancement not to apply.   Even if it

were not, the memorandum is not intended to "create or confer any rights

privileges or benefits in any matter, case or proceeding."[3]


Conclusion

  For all of the foregoing reasons, the court finds that Jones has failed

to show that any of the claims raised in his motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he

---

[3] See U.S. Attorney General Eric Holder, Memorandum to the United States Attorneys and Assistant Attorney General for the Criminal Division Re Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases (Aug. 12, 2013), *available at* https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/ag-memo-department-policypon-charging-mandatory-minimum-sentences-recidivist-enhancements-in-certain-drugcases.pdf. *Citing United States v. Caceres,* 440 U.S. 741 (1979).


Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS

shown that an evidentiary hearing is warranted.   Therefore, the § 2255

motion should be denied in its entirety.


## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings

provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that

satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of

appeal must still be filed, even if the court issues a certificate of

appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the

denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a certificate

of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final

order, the court may direct the parties to submit arguments on whether a

certificate should issue."   If there is an objection to this recommendation by

either party, that party may bring this argument to the attention of the district

judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The motion to vacate, set aside, or correct sentence (ECF No.

63) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 23rd day of May, 2018.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:13cr34/RH/CAS; 4:16cv51/RH/CAS